J-A08002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF GEORGE PORUPSKI | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: JOSEPH M. PORUPSKI | : | No. 1201 WDA 2021 |

Appeal from the Order Entered September 9, 2021
In the Court of Common Pleas of Fayette County Orphans' Court at
No(s):  541 OC 1979

BEFORE:    BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED: MARCH 18, 2022**

Joseph M. Porupski (Appellant) appeals from the order entered in the Fayette County Orphans' Court, distributing the Estate of George Porupski (Estate).[1]  As we are unable to glean the court's reasoning from the record, we remand for the court to file, within 30 days, a supplemental opinion addressing all issues raised in Appellant's Pa.R.A.P. 1925(b) statement, and including any pertinent discussion on waiver.  This Court's Prothonotary shall then issue a new briefing schedule.

The pleadings and notes of testimony to the January 14, 2021, hearing indicate the following.  The decedent in this matter, George Porupski (Decedent), died testate in 1979.  He owned 61 acres of real property in Nicholson Township, Fayette County, which included a residence.  Decedent's

---

[1] The appointed administrator of the estate, Simon John, Esquire, informed this Court by letter that he would not be filing a brief.

will devised a life estate in the residence to his daughter, Margaret Gunnoe (Appellee), subject to her upkeep of the house and payment of taxes and insurance. Decedent further bequeathed the rest and residue of his Estate in equal shares to his four children: Appellee; Joseph R. Porupski (Executor), who was appointed executor of the Estate; and two additional children. Appellant, who was 57 years old in 2021, is Decedent's grandson and Executor's son. Appellant is also Appellee's nephew.

In 1992, the house was destroyed by a fire. Subsequently, Appellee lived in a mobile home, and then a modular home, on the property. Appellant alleged that in 1994, Appellee agreed to relinquish her one-fourth interest in the residual estate, in exchange for Executor purchasing the $36,022.50 modular home for her. N.T., 1/14/21, at 35, 39. Appellee, however, denied that she ever waived her interest. *Id.* at 18.

The other two siblings transferred their one-fourth interests in the Estate to Executor in 1983 and 1993. Appellant alleged that until 2006, Executor solely paid the real estate taxes, insurance, and maintenance costs for the property. N.T. at 32-33. Executor eventually borrowed money from his son — Appellant — to pay these expenditures. *Id.* at 40. In 2006, Executor, acting in his individual capacity and as Executor, transferred the deed to the property to Appellant, as satisfaction of the loan. *Id.* at 40, 57. Appellant testified that in 2006, Executor informed Appellee of this transfer. *Id.* at 41. Appellee, on the other hand, testified that she did not learn about the transfer

until 2018, when she consulted an attorney about transferring her share of the estate to her sons. *Id.* at 18.

Appellant also averred that since 2006, he has solely paid the insurance, real estate taxes, and maintenance costs for the property. N.T. at 30, 33, 44. Meanwhile, Appellee testified her modular home was assessed separately from the land, and she has paid the taxes on the home since 1994. *Id.* at 48-49.

Executor died in 2010, without having filed any accounting of the Estate. The two other siblings are also deceased.

On February 12, 2019, Appellee filed the underlying counseled motion to appoint a substitute administrator for the Estate. Appellant filed an answer. On May 22, 2019, the orphans' court appointed Simon John, Esquire (Administrator). On January 14, 2021, the court heard oral argument on various issues, as well as testimony from Appellant, Appellee, and Appellee's daughter in law. The court did not enter any rulings on the record at this time. *See* N.T. at 77-78.

On February 5, 2021, the orphans' court issued an order, which, *inter alia*: (1) stated Appellee "did not execute a valid release to her interest in the [E]state;" (2) rejected Appellant's claim of laches because Appellee's interest in the residual estate "vested as of the date of death;" and (3) directed the parties to provide Administrator with any information necessary to file an inventory of the Estate. Order, 2/5/21, at 1-2. This order did not include any discussion of the court's conclusions.

- 3 -

On August 10, 2021, Administrator filed a first accounting of the Estate, listing only one asset, the real property. The accounting did not include any expenses. Administrator also filed a proposed distribution, recommending that: (1) Appellant receive a three-fourths interest in the property and Appellee receive a one-fourth interest; (2) Appellant transfer a one-fourth interest in the property to Appellee; and (3) Appellee was liable to the residuary heirs for real estate taxes paid from Decedent's death to the fire that destroyed the house.

The orphans' court issued the underlying order of distribution on September 9, 2021, adopting all of Administrator's recommendations. The court further directed that Appellant and Appellee each pay one half of Administrator's fees. Appellant filed a motion for reconsideration, which the court denied. Appellant then took this timely appeal.

On appeal, Appellant raises five issues for our review:

[1.] Whether the lower court had subject matter jurisdiction and did the lower court err in awarding an interest in real estate when the Executor transferred the real estate for valuable consideration?

[2.] Whether the lower court erred when it did not rule on the issue that . . . Appellee was guilty of laches?

[3.] Did the lower court err when it failed to conduct a hearing on the exceptions filed to the proposed decree?

[4.] Did the lower court err in failing to address unjust enrichment of Appellee?

- 4 -

[5.] Whether the trial court erred in directing . . . Appellant to pay fiduciary fees in an estate that Appellant was not an heir, legatee or devisee?

Appellant's Brief at 6.

The orphans' court issued an opinion, which stated in sum:

AND NOW, this 3rd day of November, 2021, upon review of the Statement of Errors Complained of on Appeal, several of which raise jurisdiction which has been waived by [A]ppellant by failing to raise said issues in a timely fashion, the Court relies upon the record and our prior orders and no further opinion shall be issued.

Orphans' Ct. Statement in Lieu of Opinion, 9/3/21. Appellant's brief does not address the court's suggestion of waiver.

Appellant raises five distinct and diverse issues. The orphans' court opinion does not state which issues it believes are waived. Furthermore, we are unable to glean the court's reasoning for its various rulings from the record, including the prior orders and hearing transcript. "This Court is an error-correcting court[,] not an error-finding court." *Commonwealth v. Walker*, 954 A.2d 1249, 1255 (Pa. Super. 2008) (*en banc*). Without an understanding of the orphans' court's rationale, findings of fact, and legal bases for its rulings, we cannot properly review Appellant's challenges thereto, and any decision we issue at this juncture would be an improper advisory opinion to the parties.

Accordingly, we remand for the orphans' court to file, within 30 days, a supplemental opinion addressing all issues raised in Appellant's Pa.R.A.P. 1925(b) statement. The court shall also specify which issues, if any, it

believes are waived, with discussion of the relevant legal authority. We direct this Court's Prothonotary to issue, upon receipt of the court's opinion, a new briefing schedule. Appellant shall address any discussion of waiver in the new opinion.[2] Furthermore, we direct that upon receipt of all necessary filings and briefs, the Prothonotary shall list this appeal on the next available argument panel convening in the Western District.

Case remanded for a supplemental orphans' court opinion and proceedings consistent with this memorandum. Superior Court jurisdiction retained. Case continued to a future argument panel in light of the necessity for a new briefing schedule.

---

[2] If the orphans' court's supplemental opinion does not include any discussion on waiver, Appellant and Appellee may notify this Court that they will instead rely on the briefs previously submitted.